U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 APR 27 PM 12: 16

CLERK
BY ⎽⎽⎽⎽⎽(AW)⎽⎽⎽⎽⎽
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Binti Mohamed and her minor children,
H.M.A., A.O.A., K.H.K., F.H.K., M.H.K.,
S.H.K., and S.H.K.,
    Plaintiff(s),

v.                                      Civil Action No: 2:17-cv-73

Michael McLaurin,
    Defendant.

## COMPLAINT

### I.    Introduction

This is a Civil Rights action. Plaintiff Binti Mohamed is a Black, Muslim woman of Somali ancestry, and a naturalized U.S. citizen, who lives in Burlington, Vermont with her minor children, plaintiffs H.M.A., A.O.A., K.H.K., F.H.K., M.H.K., S.H.K., and S.H.K. Defendant Michael McLaurin is a Black man who resides in and is a landlord in Burlington, Vermont. Mr. McLaurin rented an apartment in Burlington to Ms. Mohamed for her and her family. The tenancy is subsidized by the Section 8 Housing Voucher program.

Mr. McLaurin violated Ms. Mohamed's and her children's federal civil rights under the Fair Housing Act of 1968 as amended, 42 U.S.C. § 3601, *et seq.*, by repeatedly entering their home without notice or permission for no reason at all, yelling at them and intimidating and harassing them, assaulting plaintiffs' dignity, humiliating them, interfering with the free practice of their religion, and, finally, terminating their tenancy because of plaintiffs' national origin and religion, because of Ms. Mohamed's sex, and because of familial status. Mr. McLaurin discriminated against Ms. Mohamed and her

Vermont Legal Aid
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

1

children by engaging in ongoing intimidation and harassment; by terminating Ms. Mohamed's tenancy; by imposing different terms and conditions; by charging Ms. Mohamed extra amounts not permitted by the rental contract; and by giving false, negative information about them to Burlington Housing Authority, forcing Ms. Mohamed to have to hire a lawyer to be able to move with her Section 8 Voucher.

Mr. McLaurin repeatedly entered plaintiffs' home without notice or permission for no apparent reason other than to harass them, yelling when he did so for fifteen or more minutes at a time. Defendant repeatedly told Ms. Mohamed and her children that they should go back to Africa because they weren't becoming American. Defendant frequently made false and derogatory statements about the children, claiming they had broken things or made a mess when they had not. Defendant inhibited plaintiffs from the free exercise of their faith by forcibly contravening its tenets. Defendant made a false, humiliating, and derogatory sexual statement about Ms. McLaurin in front of her children.

As a result of defendant's discriminatory actions, plaintiffs lived in constant fear, anxious about the next time defendant would barge into their home without knocking and subject them to his yelling discriminatory insults at them. Defendant's actions deprived plaintiffs of their civil rights, harmed their dignity, and invaded the sanctity of their home. As a result of defendants' actions, plaintiffs have suffered fear, intimidation, humiliation, embarrassment, and severe emotional distress. Plaintiffs seek compensatory, dignitary, and punitive damages; costs and attorneys' fees; an order requiring defendant to receive training about the prohibition against discrimination in housing; and such other relief as the Court deems just.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

## II.     Parties, Federal Jurisdiction, and Venue

Plaintiff Binti Mohamed is a Black, Muslim woman of Somali ancestry who is a naturalized United States citizen and lives in Burlington, Vermont.

1.    Plaintiff S.H.K. is a three-year-old, Black, Muslim girl of Somali ancestry. She lives with her mother in Burlington, Vermont.

2.    Plaintiff S.H.K. is a six-year-old, Black, Muslim girl of Somali ancestry. She lives with her mother in Burlington, Vermont.

3.    Plaintiff M.H.K. is a seven-year-old, Black, Muslim boy of Somali ancestry. He lives with his mother in Burlington, Vermont.

4.    Plaintiff F.H.K. is a nine-year-old, Black, Muslim boy of Somali ancestry. He lives with his mother in Burlington, Vermont.

5.    Plaintiff K.H.K. is a ten-year-old, Black, Muslim girl of Somali ancestry. She lives with her mother in Burlington, Vermont.

6.    Plaintiff A.O.A. is a fourteen-year-old, Black, Muslim boy of Somali ancestry. He lives with his mother in Burlington, Vermont.

7.    Plaintiff H.M.A. is a 17-year-old, Black, Muslim boy of Somali ancestry. He lives with his mother in Burlington, Vermont.

8.    Michael McLaurin is Black man and a resident of and long-time landlord in Burlington, Vermont.

9.    The property in and about which the actions complained of here occurred is located at 74 Front Street in Burlington, Vermont.

10.    The Court has jurisdiction over this matter because defendant violated plaintiffs' civil rights under the Fair Housing Act of 1968, as amended, 42 U.S.C. §3601, *et seq.*

Vermont Legal Aid
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

### III. Facts

11.     Michael McLaurin rented to Ms. Mohamed for her and her minor children an apartment located at 74 Front Street in Burlington, Vermont pursuant to a written lease that began in March, 2016.

12.     The tenancy is subsidized by the Section 8 Housing Choice Voucher program which is a program of and funded by the United States Department of Housing and Urban Development (HUD), administered locally by Burlington Housing Authority (BHA).

13.     The parties entered into a lease and Section 8 Voucher tenancy addendum on or about February 9, 2016.

14.     Upon information and belief, Mr. McLaurin separately executed a Housing Assistance Payment Contract (HAP Contract) with Burlington Housing Authority (BHA) regarding the premises and Ms. Mohamed's tenancy in late January or early February of 2016.

15.     The HAP Contract is enforceable by BHA and Mr. McLaurin. The Tenancy Addendum is enforceable by Ms. Mohamed and Mr. McLaurin. 24 C.F.R. §982.456

16.     Upon information and belief, the HAP Contract and the Tenancy Addendum contain exactly the same provisions.

17.     BHA pays the majority of the rent for the apartment directly to Mr. McLaurin. Ms. Mohamed pays a portion of the rent based on her income as determined periodically by BHA.

18.     Sometime in March, 2017, defendant terminated Ms. Mohamed's tenancy for no cause.

19.     During the tenancy, Ms. Mohamed paid all of her rent and continues to do so.

Vermont Legal Aid
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

4

20. Ms. Mohamed and her children did no damage to the apartment.

21. Throughout plaintiffs' tenancy, defendant repeatedly came into plaintiffs' apartment without notice or permission, without knocking, simply using his key to enter, yelling at whoever was there, often when Ms. Mohamed was at work, sometimes after plaintiffs had gone to sleep.

22. While yelling at plaintiffs in their home, defendant many times told plaintiffs that they should go back to Africa because they weren't becoming American.

23. Defendant's refusal to give notice of his intent to enter the apartment, his yelling, and his insults scared and intimidated plaintiffs.

24. Defendant's refusal to give notice of his intent to enter the apartment interfered with plaintiffs' exercise of their religion in their home which includes adhering to the Muslim practice of women and girls covering their hair when an unrelated man enters their home.

25. On one occasion, defendant entered the apartment without notice when Ms. Mohamed was showering and proceeded to enter the bathroom, where he saw Ms. Mohamed naked. He pulled down a curtain Ms. Mohamed had hung in the bathroom doorway and took it away with him. Defendant's entrance without notice into plaintiffs' home and then entering her bathroom where she was showering and seeing Ms. Mohamed without clothing, scared and shocked Ms. Mohamed both as a woman and as a Muslim.

26. One of plaintiffs' male neighbors who lives across the hall tried to talk to Mr. McLaurin, explaining that it wasn't right to enter plaintiffs' home without notice.

Vermont Legal Aid
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

Defendant told the neighbor that defendant would evict the neighbor if he interfered again.

27. Defendant told Ms. Mohamed in front of her children that he didn't rent his apartment to her so that she could have sex with her boyfriend there. This false accusation, made in front her children, shocked, humiliated and embarrassed Ms. Mohamed, as a woman and as a Muslim. As a mother, she felt heartbroken that her children had heard and witnessed defendant's accusation.

28. Throughout plaintiffs' tenancy, defendant refused to fix basic health and safety issues at the apartment in violation of the parties' lease, including the Section 8 Voucher tenancy addendum, and Vermont law.

29. When plaintiffs moved in, Ms. Mohamed told Mr. McLaurin that the pipes under the bathroom sink gushed water from the drain pipe each time they used the sink. Ms. Mohamed put a pot below the pipes under the bathroom sink to catch the water. Each time they used the bathroom sink, they had to empty the pot.

30. When Ms. Mohamed moved in, Mr. McLaurin told her that he would fix the bathroom pipes. He didn't do so until sometime in March or April of 2017—nearly a year after they moved in.

31. Defendant repeatedly yelled at Ms. Mohamed and her children, falsely accusing the children of dumping water on the floor and flooding the apartment below by playing in the bathtub. In fact, the damage was caused by defendant's refusal to fix the pipes under the bathroom sink.

32. Defendant repeatedly yelled at Ms. Mohamed about the fact that her children had toys, falsely claiming that the children left the toys out around the apartment.

Vermont Legal Aid
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

33. Ms. Mohamed was so afraid that defendant would evict her family over her children's toys that she got rid of all of the children's toys.

34. Because of defendant's actions described here, plaintiffs were afraid of defendant and wanted to move to get away from him.

35. Defendant gave Burlington Housing Authority (BHA) false information, stating that Ms. Mohamed or her children had damaged the apartment.

36. Based on this information, Burlington Housing Authority told Ms. Mohamed that they wouldn't allow her to move with her Section 8 Voucher until Mr. McLaurin gave her a good reference.

37. Ms. Mohamed was forced to hire a lawyer to advocate with BHA to allow her to move without Mr. McLaurin's endorsement.

IV. **National Origin Discrimination Violating 42 U.S.C. §§ 3604(a) and 3604(b) and 42 U.S.C. § 3617.**

38. Plaintiffs reincorporate and re-allege the allegations in paragraphs 1-37 as if fully set forth here.

39. Plaintiffs are of Somali ancestry.

40. Defendant engaged in the unlawful acts described in paragraphs 1-37 because plaintiffs are of Somali or African national origin or ancestry.

41. In particular, defendant's repeated statements, yelled at plaintiffs, that plaintiffs should go back to Africa because they weren't American enough violated 42 U.S.C. §§ 3604(a) and 3604(b) and 42 U.S.C. § 3617.

42. Upon information and belief, defendant's repeated shouting that plaintiffs should go back to Africa because they weren't becoming American, were based in part on the clothing that Ms. Mohamed wears which is a reflection of her national origin.

Vermont Legal Aid
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

43.     Defendant violated plaintiffs' rights under 42 U.S.C. §§ 3604(a) and 3604(b) and 42 U.S.C. § 3617 by making housing unavailable to them, discriminating in the terms and conditions of rental, intimidating and harassing them, disparaging them because of their national ancestry, and creating a hostile living environment because of national origin.

44.     As a result of defendant's discrimination on the basis of national origin, plaintiffs suffered loss of civil rights, loss of dignity, harassment, humiliation, interference with property, costs, embarrassment, and severe emotional distress.

**V.      Religious Discrimination Violating 42 U.S.C. §§ 3604(a) and 3604(b) and 42 U.S.C. § 3617**

45.     Plaintiffs reincorporate and re-allege the allegations in paragraphs 1-37 as if fully set forth here.

46.     Plaintiffs are Muslim.

47.     Defendant violated plaintiffs' civil rights by forcing them to contravene the tenets of their faith because they are Muslim.

48.     In particular, defendant's constantly entering the apartment without permission, without even knocking, made it impossible for Ms. Mohamed and her daughters to cover their hair, and, in one case, for Ms. Mohamed to cover her body, before defendant saw them. Defendant's action violated their religious beliefs.

49.     Upon information and belief, defendant's repeated statements that plaintiffs should go back to Africa because they weren't becoming American, were based in part on the fact that plaintiffs are practicing Muslim and on the clothing that Ms. Mohamed and her daughters wear which is in keeping with the tenets of their faith.

50.     Defendant violated plaintiffs' rights under 42 U.S.C. §§ 3604(a), 3604(b), and § 3617, by intimidating and harassing, interfering with the practices of their faith, making

Vermont Legal Aid
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

8

housing unavailable to them, discriminating in the terms and conditions of rental, and creating a hostile living environment because of plaintiffs' religion.

51.     As a result of defendant's discrimination on the basis of religion, plaintiffs suffered loss of civil rights, loss of dignity, harassment, humiliation, interference with property, costs, embarrassment, and severe emotional distress.

### VI.     Sex Discrimination Violating 42 U.S.C. §§ 3604(a) and 3604(b) and 42 U.S.C. § 3617.

52.     Plaintiffs reincorporate and re-allege the allegations in paragraphs 1-37 as if fully set forth here.

53.     Defendant's actions, described above, violated Ms. Mohamed's civil rights on the basis of sex.

54.     In particular, Mr. McLaurin's statement to Ms. Mohamed about her having a boyfriend and asserting defendant's belief that he has a right as a landlord to control or comment on whether or not or how Ms. Mohamed has a romantic relationship is sex discrimination.

55.     Defendant's coming into Ms. Mohamed's home without notice or permission or even knocking and then proceeding to enter her bathroom while she was naked was particularly frightening, intimidating, and offensive to Ms. Mohamed as a woman.

56.     Defendant violated plaintiffs' rights under 42 U.S.C. §§ 3604(a) and 3604(b) and 42 U.S.C. § 3617 by intimidating and harassing them, discriminating in the terms and conditions of rental, and creating a hostile living environment because of her sex. As a result of defendant's discrimination on the basis of sex, Ms. Mohamed suffered a loss of civil rights, loss of dignity, harassment, humiliation, interference with property, embarrassment, and severe emotional distress.

Vermont Legal Aid
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

### VIII. Familial Status Discrimination Violating 42 U.S.C. §§ 3604(a) and 3604(b) and 42 U.S.C. § 3617.

57. Plaintiffs reincorporate and re-allege the allegations in paragraphs 1-37 as if fully set forth here.

58. Ms. Mohamed has seven minor children, plaintiffs here, who live with her.

59. Defendant's actions, described above, violated plaintiffs' civil rights on the basis of familial status.

60. Specifically, defendant constantly yelled at the children and falsely accused them of breaking things which they did not break.

61. Defendant repeatedly yelled at Ms. Mohamed about the children having toys and falsely accused them of leaving the toys around the apartment.

62. Ms. Mohamed was so afraid of defendant evicting her family over the toys that she got rid of all of the children's toys.

63. Defendant violated plaintiffs' rights under 42 U.S.C. §§ 3604(a) and 3604(b), by intimidating and harassing her, making housing unavailable to her, discriminating in the terms and conditions of rental, interfering with their use of their home, and creating a hostile living environment based on familial status. As a result of defendant's discrimination, Ms. Mohamed suffered a loss of civil rights, loss of dignity, harassment, humiliation, interference with property, embarrassment, and severe emotional distress.

### RELIEF

Plaintiffs seek the following relief:

A. $100,000 in compensatory, dignitary, and punitive damages for defendant's violations of plaintiffs' civil and legal rights, and for the

Vermont Legal Aid
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

10

dignitary and emotional harm suffered by plaintiffs as a result of those violations;

B. An order requiring that defendant obtain at his own expense and receive a minimum of six hours of training from the Vermont Human Rights Commission about tenants' civil rights and the obligation of landlords not to unlawfully discriminate;

C. Payment of plaintiffs' costs and attorneys' fees; and

D. Other such relief as the Court deems just.

Dated in Burlington, Vermont, April 26, 2017.

By: _____
Rachel A. Batterson, Esq.
Vermont Legal Aid, Inc.
264 North Winooski Ave.
Burlington, Vermont 05401
(802) 863-5320
rbatterson@vtlegalaid.org