UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

<u>Binti Mohamed and her minor children,
H.M.A., A.O.A., K.H.K., F.H.K., M.H.K.,
S.H.K., and S.H.K.</u>,
    Plaintiffs,

    v.                              Civil Action No: 2:17-cv-73-cr

<u>Michael McLaurin</u>,
    Defendant.

**Memorandum of Law Opposing Discovery Sanctions**

    Plaintiffs oppose defendant's motion for discovery sanctions, because plaintiff H.A.'s failure to appear at deposition was not willful and other circumstances make the imposition of sanctions unjust. The deposition that defendant seeks sanctions about here was scheduled to take place three months after the pre-trial order's deadline to complete all depositions. Therefore, plaintiffs submit that any sanction would be inappropriate here.

    Plaintiffs further oppose discovery sanctions because plaintiffs' failure to appear was not willful; plaintiffs offered to remedy the noncompliance; the discovery noncompliance was one incident; plaintiffs offered to reschedule; and plaintiff H.A. was not warned of the consequences of noncompliance. Further, plaintiffs specifically oppose dismissal of plaintiff H.A.'s claims as a sanction here, because that sanction is unduly harsh on these facts. In addition, plaintiffs oppose any sanction because defendant did not comply with F.R.C.P. 37(d) or Local Rule 26(c) before filing his motion for sanctions. Finally, plaintiffs dispute the amount of the monetary costs sanctions defendant seeks.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

**Background**

Plaintiffs filed this civil rights action in April, 2017 for discrimination in housing based on plaintiffs' national origin, religion, sex, and being or having minor children. Defendant denies all allegations. Defendant retained new counsel in May, 2018. The pre-trial scheduling order has been extended twice by 60 days each, first at plaintiffs' request, then at defendant's. Defendant's motion for sanctions concerns a deposition scheduled three months after the August 31, 2018 extended, deadline to complete all depositions.

The pre-trial scheduling order's deadline to conduct all depositions in this matter was August 31, 2018. Defendant's counsel deposed Ms. Mohamed on August 31, 2018. Plaintiffs could have refused to allow any deposition to be taken after August 31. However, in the interests of cooperation as required of parties by F.R.C.P. 1 and in consideration of defendant's counsel being relatively new to the case, plaintiffs allowed defendant to conduct the second part of his deposition of Ms. Mohamed on October 2, 2018—two months after the scheduling order's August 31 deadline. Plaintiffs also offered to allow defendant to depose plaintiff H.A. on October 2, 2018. Defendant declined that offer. Plaintiffs further agreed to allow defendant to depose plaintiff H.A. on November 21, 2018—three months after defendant's deadline. Plaintiffs submit that their reasonableness during discovery are an additional reason to deny defendant's motion for sanctions as unjust in the circumstances. The facts here do not match the pattern of obstruction in cases in which courts have imposed discovery sanctions. Plaintiffs also submit that, given their cooperativeness, sanction is unwarranted here.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

A. **The Court Has Wide Discretion in Determining Whether and What Discovery Sanctions Are Appropriate**

It is well settled that district courts enjoy wide discretion in sanctioning litigants appearing before them. *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 177 (2d Cir. 2008); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir.2006) ("a district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37, and its ruling will be reversed only if it constitutes an abuse of discretion," citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir.2006) and *Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir.1991)).

B. **Plaintiffs Oppose Any Sanction, Because the Deposition Was After the Pre-Trial Order's Deadline, and Also Because Plaintiffs' Noncompliance Was Not Willful; Was One Incident; Plaintiffs Offered to Reschedule; and Plaintiffs Had Not Been Warned of Possible Consequences of Noncompliance**

Defendant moves for discovery sanctions pursuant to F.R.C.P. 37(d)(1)(A)(i) for failure of a party to appear at his own deposition. F.R.C.P. 37(d)(3) provides a court discretion to impose any of the sanctions provided in Rule 37(b)(2)(A)(i)—(vi). Further, F.R.C.P. 37(d)(3) provides that a court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless the failure was substantially justified or other circumstances make an award of expenses unjust* (emphasis added).

Factors relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, include (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

warned of the consequences of his non-compliance. *Nieves v. City of New York*, 208 F.R.D. 531 (S.D.N.Y. 2002) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir.1995)).

1. **Plaintiff's Failure to Appear Was Not Willful. H.A. Failed to Appear Because He Was Anxious and Afraid of the Deposition**

    Plaintiff H.A. is a 19-year-old boy who lives at home with his mother and attends Burlington High School. In this matter, plaintiffs allege that defendant harassed them by, among other things, repeatedly and frequently entering their home without notice or permission and yelling at them. Plaintiffs' counsel only recently learned that H.A. suffers from significant anxiety for which he receives counseling. In addition, H.A. is afraid of defendant. Talking or thinking about defendant or H.A.'s family's time living at 74 Front Street exacerbates H.A.'s underlying anxiety. In addition, counsel also only recently learned, H.A. is afraid of anything related to law, lawyers, or authority figures. On November 21, the date H.A. was to be deposed, the combination of factors of meeting with his lawyer and defendant's lawyer and having to discuss his experiences with defendant exacerbated H.A.'s underlying anxiety and scared H.A. so much that he hid from the deposition, even not returning his mother's calls.

    Given plaintiff H.A.'s significant anxiety and fear at having to talk to defendant's lawyer about defendant, whom H.A. fears, and about events that exacerbate H.A.'s anxiety, H.A.'s failure to appear was not willful. Plaintiffs further submit that H.A.'s failure to appear was substantially justified or that the circumstances would make the imposition of sanctions unjust.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

4

**2. A Lesser or No Sanction Would Be Efficacious Here Where Plaintiffs Offered to Reschedule and This Is the Only Violation**

Plaintiffs offered to reschedule H.A.'s deposition before defendant filed this sanctions motion. Plaintiffs submit that no sanction is necessary in these circumstances.

**3. The Duration of Noncompliance Here Was One Incident Which Plaintiffs Agreed to Remedy**

Plaintiffs have been very cooperative about defendant's discovery requests. Plaintiffs have not hindered defendant's ability to receive discovery. There has been no other issue with plaintiffs responding to defendant's discovery requests. The one incident of noncompliance here was 19-year-old plaintiff H.A. being afraid, intimidated, and anxious and therefore failing to appear for his deposition. Plaintiffs' behavior here does not match the pattern of obstruction that courts have sanctioned non-compliant parties for.

**4. Plaintiffs Were Not Warned of the Possible Consequences of Noncompliance**

In contrast to cases in which sanctions were imposed for discovery abuses, plaintiffs here have been very cooperative with defendant's requests for discovery. Therefore, neither party has before now sought the Court's intervention in any discovery dispute. Because there has been no discovery noncompliance by plaintiffs, there has been no occasion for the Court to warn plaintiffs that future noncompliance may result in sanctions.

**C. Plaintiffs Oppose the Specific Sanctions Defendant Seeks**

**1. Dismissal of Plaintiff H.A.'s Claims Would Be Unduly Harsh, Because Plaintiff H.A.'s Noncompliance Was Not Willful and Lesser Alternatives are Available**

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

Defendant has moved the Court to dismiss plaintiff H.A.'s claims with prejudice as sanction for H.A.'s failure to appear at deposition. Plaintiffs oppose dismissal of plaintiff H.A.'s claims against defendant. Rule 37(d) provides for dismissal of claims as a sanction; however, because it is a harsh sanction, courts reserve it for the worst discovery offenses and generally only where the discovery violation also violated a court order; therefore, plaintiffs submit that dismissal would be inappropriate here. In this matter, 19-year-old plaintiff H.A. failed to appear because he was afraid and anxious. Plaintiffs offered to reschedule the deposition. This incident is the only instance of discovery noncompliance by plaintiffs.

Rule 37 provides that dismissal of the action is an appropriate sanction, so long as "the district judge has considered lesser alternatives." *SEC v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013) ("dismissal or default" should be ordered "only when the district judge has considered lesser alternatives," quoting *Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Defendant's offer to resolve this discovery dispute excluded from consideration any lesser alternatives. Plaintiffs, despite that, did offer the lesser alternative of rescheduling the deposition.

In evaluating lesser alternatives, courts should consider, among other things, the willfulness of the noncompliant party or the reason for noncompliance, and what the effectiveness of lesser alternative sanctions would be. See *S. New Engl. Tel. Co.*, 624 F.3d at 144; *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 at 302 (2nd Cir 2009). Plaintiff H.A. failed to attend the deposition because he was intimidated, afraid, and anxious. Plaintiffs have otherwise been very accommodating of defendant's

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

6

discovery requests—even agreeing to be deposed well beyond the pre-trial scheduling order.

**(a) Dismissal Is Too Harsh a Sanction Because Failure Was Not Willful**

In *SEC v. Razmilovic*, the Second Circuit imposed default judgment as a sanction for defendant's refusal to obey court's order to appear for his deposition. Here, there was no court order. There was not even a subpoena. In *Penthouse Intern., Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371 (2nd Cir 1981), the Second Circuit found no abuse of discretion where the district court dismissed trade libel suit as a sanction because of plaintiff's refusal, pursuant to court's order, to produce certain records that directly related to plaintiff's claim and where plaintiff's defiance came on the heels of prolonged obstruction of legitimate discovery sought by defendant in which false testimony, material misrepresentations by counsel and foot-dragging were used in an effort to prevent plaintiff from getting at relevant records. Here there was no court order requiring plaintiff H.A. to attend the deposition, and, in contrast to the *Penthouse* plaintiffs, plaintiffs here have been exceptionally accommodating of defendant's discovery requests.

In *In re Bear Stearns Companies, Inc. Securities, Derivative, and Erisa Litigation*, 308 F.R.D. 113 (S.D.N.Y. 2015), the *Bear Stearns* court imposed the discovery sanction of dismissal because plaintiff, her husband, and her counsel repeatedly, willfully, tactically, and to defendant's prejudice obstructed defendants' efforts to depose plaintiff's husband and no lesser sanction was appropriate given continued pattern of misconduct. In *Book Dog Books, LLC*, the party failing to appear did so knowingly and willfully because of a discovery dispute with the other party. Again,

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

in contrast to both *Bear Stearns* and *Book Dog Books, LLC*, plaintiffs in this matter have been well beyond cooperative during discovery.

In contrast to the parties and lawyers sanctioned in the cases cited above for significant, knowing, and repeated discovery abuses, plaintiffs here have been very accommodating to defendant's discovery requests, even allowing defendant to depose plaintiffs two and three months after defendant's deadline to do so. The deposition defendant here seeks sanctions about would never have even been scheduled had plaintiffs insisted on the pre-trial scheduling order's August 31 deadline for all depositions to be completed. Further, it was H.A.'s fear and anxiety, not willfulness, which caused him to hide from the deposition. Plaintiffs submit that imposing dismissal as a discovery sanction in these circumstances would be unnecessarily harsh.

**(b) Lesser Alternatives Would Be Effective**

Plaintiffs offered to reschedule H.A.'s deposition before defendant filed the pending sanctions motion. Defendant refused this offer. There is no history in this matter of plaintiffs avoiding, delaying, or obstructing defendant's discovery requests. Quite the opposite is true. Plaintiffs have gone out of their way to allow defendant to depose both Ms. Mohamed and H.A. well past the pre-trial order deadline to do so.

**2. Monetary Sanctions Would Be Excessive Here Because Plaintiffs Offered to Remedy the Discovery Failure Before Defendant Filed for Sanctions**

It is within a court's discretion to deny a motion for expenses, including attorneys' fees, if the failure was substantially justified or other circumstances make an award of expenses unjust. F.R.C.P. 37(d)(3). The disobedient party has the burden of proof to show "that his failure is justified or that special circumstances

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

8

make an award of expenses unjust." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014)(quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir.2008) (citation omitted); accord *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 117 (S.D.N.Y. 2011). As described above, plaintiffs have been very cooperative with defendant's discovery requests. The failure of H.A. to appear for deposition was not willful but based on H.A.'s anxiety and fear. Further, plaintiffs offered, before defendant files this motion for sanctions, to remedy the noncompliance by rescheduling the deposition despite the fact that the original deposition date was three months after the pre-trial scheduling order deadline for all depositions to be complete.

### D. Plaintiffs Oppose Any Sanction, Because Defendant Did Not Comply with F.R.C.P. 37(d) or Local Rule 26(c) Before Filing for Sanctions

A motion for sanctions pursuant to F.R.C.P. 37(d) must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. F.R.C.P. 37(d)(1)(b). Local Rule 26(c) requires that a party seeking discovery sanctions: a) Prior to filing, confer in good faith with opposing counsel and attempt to reduce or eliminate the controversy; b) provide an affidavit specifying the conference and remaining issues and explain the reason for the remaining issues; and c) submit a memorandum that complies with Local Rule 7 and additionally sets out a concise statement of the nature of the case.

Plaintiffs submit that defendant did none of these things. Defendant did not provide an affidavit with his motion for sanctions; did not explain the process or participants in that conference with plaintiffs or what issues remain and why; and,

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

9

plaintiffs submit, did not confer in good faith with plaintiffs' counsel prior to filing his motion for discovery sanctions because defendant's one email communication which foreclosed any reasonable resolution of the dispute.

On December 11, defendant's counsel sent one e-mail to plaintiffs' counsel about plaintiff H.A.'s failure to appear for his deposition. Defendant's counsel's communiqué indicated that he was contacting plaintiffs' counsel because the rules required him to do so before filing his motion for sanctions. Defendant's counsel's email stated that plaintiff H.A. had failed to appear to be deposed; that it would not be an adequate remedy for plaintiffs to agree to hold the deposition at a later date; and that it would not even be an adequate remedy to agree to a later deposition even if plaintiff H.A. agreed to have his deposition taken in Newport, Vermont where defendant's counsel's office is located.

The only possible resolution to the discovery problem offered by defendant's counsel was for plaintiffs or plaintiffs' counsel to pay defendant's counsel $2,120.00, and, in addition to that payment, agree that plaintiff H.A. would dismiss his claims and, further, agree not to testify at trial. The email does not read as an attempt to reduce or eliminate the controversy. In her response e-mail to defendant's counsel, plaintiffs' counsel stated that while she was not willing to agree to dismiss H.A.'s claims or agree that H.A. could not testify at trial, she was willing to find another date for defendant's counsel to depose plaintiff H.A. Plaintiffs' counsel did not state that her client was unwilling to travel to Newport for the deposition.

E. **The Portion of the Requested Monetary Sanction Based on Defendant's Attorneys' Fees Should Be Denied or Reduced Because Defendant's Counsel's Travel Time Was Not Caused by Plaintiff H.A. and Defendant Did Not Provide Contemporaneous Time Records with His Motion**

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

10

Defendant seeks as a sanction here reimbursement of his attorney's time preparing for plaintiff H.A's deposition and driving to Burlington from Newport. Most of defendant's counsel's time for which he seeks reimbursement was not for legal work but for travelling time. Plaintiff submits that the same billable rate should not apply to travel as to litigation.

**a) Plaintiff H.A. Did Not Cause Defendant's Counsel's Travel to Burlington**

A party applying for fees under Rule 37(d) is allowed to recover reasonable expenses to the extent that those expenses were "caused" by the opposing party's discovery violation. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, (S.D.N.Y. 2014). On November 21, 2018, defendant's counsel stated to plaintiffs' counsel that he had to end H.A.'s deposition by a given hour because he had to pick someone up at the Burlington airport that evening. Based on defendant's counsel's statement, the purpose of counsel's trip to Burlington from Newport the day before Thanksgiving was not solely to take plaintiff H.A.'s deposition; therefore, defendant's counsel's trip to Burlington from Newport was not "caused" by plaintiff H.A.

In addition, at the time that defendant and his lawyer signed their retainer agreement in this matter, they both knew that this case was filed in Burlington, that all parties and witnesses in the case lived in Burlington, that the real property in which the events occurred was in Burlington, and that the defendant's counsel's office was in Newport; thus, defendant's counsel's need to drive from Newport to Burlington for matters related to this case was not caused by plaintiffs but by defendant retaining a lawyer whose offices are in Newport.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

**b) Defendant Did Not Provide Time Records to Support His Fee Application**

A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied. *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115 (S.D.N.Y. 2011)(quoting *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir.1983) and holding that lawyer's affidavit did not suffice as proper record of time); see *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir.2010) ("*Carey* sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications.").

Defendant did not provide a contemporaneous time record with his motion for sanctions based on his fees; therefore, the portion of defendant's motion for sanctions based on the billable hours of defendant's lawyer should be denied. In addition, reimbursement of defendant's attorney's travel time should not be billed at the same rate as his counsel's legal work.

For the foregoing reasons, plaintiffs respectfully request that the Court deny defendant's motion for sanctions. Given that the deposition complained of was scheduled three months after the pre-trial scheduling order in this matter, plaintiffs ask that the Court issue no sanction against them.

Respectfully submitted,

/s/ Rachel A. Batterson
Rachel A. Batterson

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org