UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

<u>Binti Mohamed and her minor children,</u>
<u>H.M.A., A.O.A., K.H.K., F.H.K., M.H.K.,</u>
<u>S.H.K., and S.H.K.,</u>
    Plaintiffs,

    v.              Civil Action No: 2:17-cv-73-cr

<u>Michael McLaurin</u>,
    Defendant.

**Emergency Motion to Reschedule Trial; For Leave to File Motion to Limit Evidence to Pleaded Claims and Defenses; and for Additional Time to Conduct Discovery of New Claims or Defenses Once Pleaded**

    For the reasons more fully set out below, plaintiffs submit that the parties are not ready to go forward to trial due to new evidence recently produced by defendant that appears to be relevant to claims or defenses that defendant has not pleaded. Plaintiffs submit that going to trial on February 11 will cause the Court to consider more evidentiary issues during trial than would be true at a later trial date and that going forward on February 11 will unduly prejudice plaintiffs. Plaintiffs request that the Court reschedule the trial in this matter currently set for February 11 through February 15 to the originally scheduled dates of April 1 through April 5, 2019 or another future date convenient to the Court. In the alternative, plaintiffs seek a clarifying or limiting order regarding the claims and defenses that the Court will hear evidence on at trial.

    In accord with Local Rule 7(b), I have consulted with Ms. Mohamed, and I certify that I have informed Ms. Mohamed that this motion requests that the Court continue the trial in this matter.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

1

On January 22, 2019, defendant produced several documents, copies of photographs, and a witness list containing witnesses not previously identified. Based on the documents, copies of photographs, and witness list, it appears that defendant may intend to introduce at trial evidence relevant to possible counterclaims or defenses that defendant has not pleaded. Plaintiffs submit that it would unduly prejudice them to allow defendant to introduce evidence during the trial that is only relevant to claims or defenses defendant has not pleaded.

For these reasons, plaintiffs seek a ruling from the Court either limiting the evidence to pleaded claims and defenses; requiring defendant to plead any counterclaims or affirmative defenses he has so that plaintiffs may know them before trial; rescheduling the trial to allow plaintiffs to conduct such additional discovery regarding any such claims or defenses as needed; and, should the Court order defendant to plead any affirmative defenses or counterclaims he has, additional time once those are known to attempt additional neutral evaluation.

**Procedural Background**

Plaintiffs filed this action on April 26, 2017. Defendant's answers to the original complaint and to the amended complaint deny all of the factual allegations made by plaintiffs. Defendant has not pleaded any affirmative defenses or counterclaims. While defendant has alluded to counterclaims and separately filed a state court action based on claims he asserted there that he has against plaintiffs, defendant has not pleaded any counterclaim or affirmative defense in this action.

The parties exchanged initial disclosures; each party served and responded to interrogatories and requests to produce; plaintiffs deposed Mr. McLaurin and

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

2

defendant deposed Ms. Mohamed. The parties' Early Neutral Evaluation (ENE) session on May 24, 2018 was conducted in a context in which only plaintiff had claims pending and defendant's only defenses were denials of the facts asserted by plaintiffs. The ENE evaluator suspended the ENE session because the parties' positions were far apart and because defendant stated he intended to file a motion for summary judgment on plaintiff's claims. No such motion was filed.

The Court held a pre-trial hearing in this matter on November 9, 2018. At that time, with only plaintiff's claims pending and no affirmative defenses pleaded, plaintiffs' counsel stated that plaintiffs were ready to go forward to trial. Defendant's counsel also averred readiness for trial.

> Plaintiffs Will Be Unduly Prejudiced by Going Forward to Trial on February 11 After Defendant's Recent Production of New Documents and Witnesses

On January 22, 2019, plaintiffs' counsel received from defendant's counsel a large number of documents and copies of photographs with a cover letter stating that the documents were defendant's trial exhibits and that plaintiffs should consider the documents in the package that plaintiffs had not previously seen to be supplemental disclosures. Approximately half of the documents had not been previously produced by defendant. The documents were not produced with defendant's initial disclosures or in response to plaintiff's requests to produce or at any other time previously to supplement defendant's production.

Also on January 22, 2019, plaintiff received defendant's witness list which gave plaintiffs notice of several new witnesses not previously disclosed. Defendant's counsel had alluded on November 9, 2018 to the nature of some of the witnesses he planned to call, but January 22 was the first time plaintiffs had notice of the names of

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

these intended witnesses. Of the nine listed witnesses in addition to defendant himself, the list provides no information about the topic that seven of the witnesses will testify to. The two witnesses for whom any information is given appear to be expert witnesses; however, defendant has not provided an expert witness report for either of these witnesses. Five of defendant's listed witnesses appear to be character witnesses, and the relevance of their testimony is unclear. Seven of the ten witnesses named appear to be likely relevant to defenses or claims not pleaded by defendant.

Based on the documents and copies of photographs produced, it appears that defendant may intend to introduce at trial evidence relevant to possible counterclaims or defenses that defendant has not pleaded. It would unduly prejudice plaintiffs to allow defendant to produce new evidence during the trial that is relevant only to claims or defenses defendant has not pleaded.

Evidence Rule 401 states that only relevant evidence may be presented at trial. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice. . . ." F.R.E. 403.

It appears that defendant intends to offer evidence at trial that does not support any pleaded claim or defense. This would be objectionable under FRE 401. However, when a party makes an objection to evidence based on relevance to the pleadings, Rule 15(b) gives the Court discretion to amend the pleadings to conform to the evidence. Thus plaintiffs contemplate the possibility of a trial at which claims

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

4

and defenses that they have had only nominal notice of and have, as a result, made little discovery of, become pleaded claims or defenses for the first time during the trial. Plaintiffs submit that this would unfairly prejudice them and also cause unnecessary court time. Plaintiffs seek guidance from the Court to prevent this scenario from unfolding during the trial.

Plaintiffs submit that proceeding to trial on February 11 as scheduled will unfairly prejudice plaintiffs because of defendant's late production of evidence and because it appears the defendant intends to introduce at trial evidence going to claims or defenses that are not relevant to any pleaded claim or defense. Therefore, plaintiffs seek an order from the Court either limiting evidence for trial to pleaded claims and defenses or requiring defendant to plead any claims or additional defenses he has and continuing the trial to allow plaintiffs to prepare their response.

For the foregoing reasons, plaintiffs move the Court for a clarifying or limiting ruling including one or more of the following:

1) Bar defendant from introducing evidence at trial that is relevant to claims or defenses defendant has not pleaded;

2) In the alternative, require defendant to amend his pleading so that plaintiffs know before trial what defendant's claims and defenses, if any, are;

3) Reschedule the trial to allow plaintiff to conduct additional discovery regarding defendant's counterclaims or affirmative defenses if he pleads them;

4) If the Court requires defendant to amend his pleading, allow time for additional neutral evaluation once defendant's claims or defenses, if any, are known to plaintiffs;

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

5) Bar defendant's two expert witnesses, Ray Greenwood, a plumber, and Joe McSweeney, a carpenter, from testifying because defendant did not provide an expert witness report.

        Respectfully submitted,

        /s/ Rachel A. Batterson
        <u>Rachel A. Batterson</u>

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org